IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CESAR REYNALDO GARCIA MARTINEZ,

Petitioner,

vs.

WARDEN, Lincoln County Jail, et al.,

Respondents.

8:26-CV-527

ORDER

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The Court will deny the petition.

The petitioner is a citizen of El Salvador who entered the United States at an unknown time and place. Filing 13 at 3. On May 9, 2026, he was found in a correctional facility in Dickenson, North Dakota, after being arrested for DUI. Filing 13 at 4. An immigration detainer was lodged and on May 11, he was taken into ICE custody and placed in removal proceedings. Filing 13; filing 13-1; filing 13-2. On August 12, an immigration judge ordered him removed to El Salvador. Filing 13 at 4; filing 13-3. On September 2, his appeal from that order was rejected, and the order of removal became administratively final on September 11, 2026. Filing 13 at 4; filing 13-3 at 13; filing 13-4.

Because the petitioner is subject to a now-final order of removal, he must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Pursuant to § 1231(a)(2)(A), the petitioner's detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). The petitioner would only be entitled

to release if, after the presumptively reasonable six-month period to effect removal, there is no significant likelihood of removal in the reasonably foreseeable future. *See Codina v. Chertoff*, 283 F. App'x 432 (8th Cir. 2008) (citing *Zadvydas*, 533 U.S. 678); *see also Clark v. Martinez*, 543 U.S. 371, 386-87 (2005). But at this point, the petitioner's continued detention is consistent with due process.

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. The government's motion to dismiss (filing 11) is denied as moot.

3. The petitioner's motion to appoint counsel (filing 5) is denied.

4. A separate judgment will be entered.

Dated this 23rd day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge